UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,      11-CR-155-A

      v.     NOTICE OF MOTION

JOSEPH G. MARCHESE,

      Defendant.
_____

| | |
|---|---|
| **MOTION BY:** | Kimberly A. Schechter, Assistant Federal Public Defender. |
| **DATE, TIME & PLACE:** | Before the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, United States Courthouse, 68 Court Street, Buffalo, New York, December 15, 2011, at 10 a.m. |
| **SUPPORTING PAPERS:** | Affirmation of Kimberly A. Schechter, dated December 1, 2011, and Affidavit of Joseph Marchese sworn to on November 16, 2011. |
| **RELIEF REQUESTED:** | Suppression of evidence and statements. |
| **DATED:** | Buffalo, New York, December 1, 2011. |

/s/ **Kimberly A. Schechter**
Kimberly A. Schechter
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
kimberly_schechter@fd.org.
Attorney for Defendant Joseph G. Marchese

**TO:**    Thomas S. Duszkiewicz
        Assistant United States Attorney

AO 72A
(Rev. 8/82)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **11-CR-155-A** |
| v. | **AFFIRMATION** |
| JOSEPH G. MARCHESE, | |
| Defendant. | |

_____

**KIMBERLY A. SCHECHTER,** affirms under penalty of perjury that:

I am an Assistant Federal Public Defender in the Western District of New York and was assigned to represent Joseph G. Marchese on October 19, 2011.  I make this motion for suppression of evidence seized and statements made on May 3, 2006, at Joseph Marchese's apartment at 181 Center Street, in Lackawanna, New York.

**Preliminary Statement**

On May 3, 2006, Joseph Marchese was charged in a criminal complaint with growing marijuana at his apartment.  The case was dismissed without prejudice on October 11, 2006, pursuant to Rule 48 of the Federal Rules of Criminal Procedure.[1]  Two weeks before the statute of limitations was to expire, a federal grand jury returned an indictment involving the same conduct on April 23, 2011.  Marchese was not arrested until October 19, 2011 - at the home where he has lived for the past several years.

---

[1] While the docket indicates that it was dismissed pursuant to Rule 48(a) of that rule, it would appear that the court intended to dismiss it under Rule 48(b).  (See 06-MJ-02097)

**Facts**

In the Spring of 2006, Joe Marchese permitted a transient individual by the name of Jaime Lake to live with him after Lake told him that he had no place to go. At the time, Marchese had been renting the apartment at 181 Center Street in the City of Lackawanna.

On the evening of May 2, 2006, the two of them had a disagreement and Marchese told him to leave the apartment permanently. Lake apparently complied, but returned in the early morning hours of May 3, 2006, with two Lackawanna police officers in tow, requesting that he may able to enter to retrieve his personal belongings.

According to a Lackawanna police department report, an unnamed individual had flagged down the officers on routine patrol. The report indicates that this person told them that "he and his roommate had been in a verbal argument earlier and he wanted to retrieve some of his belongings so he could go to his mother's house for the night." The report continues that the officers agreed to go with him to this residence and that when they arrived "the door was locked". (This report is Exhibit A).

It then recites that they knocked and "the offender agreed to let the roommate <u>and officers</u> in to the residence" after they explained that they were there to let his roommate get some of his belongings. *Id.* Marchese disputes that he let the officers in. Rather, he let Lake in, but directed the officers to wait out side. When he opened the door, they forced their way in and turned on

the lights. (See Marchese affidavit attached as Exhibit B).

The police report continues by alleging the boiler plate language that while standing in the front living room, they could see "in plain view" approximately 30 marijuana plants on a table in the adjoining room. A disk containing a video recording taken by law enforcement officers of the inside of the apartment depicts conditions as they were found on this date. It is clear from this recording that unless the officers had walked to the back of the living room and toward this other room, the aforementioned marijuana plants could not have been seen.

The officers then prepared a 710.30 Notice to Defendant of Intention to Offer Evidence at Trial indicating that Marchese told them that he had been growing this stuff for about a year; that its better than the stuff from Canada or anything commercially; there is nothing drying now; is not in that cycle yet; and that he grows it for himself. There is no indication on this document, or any other ones received in discovery, that Marchese was given *Miranda* warnings before making the statements. (See Exhibit C)

Two hours after the officers had first entered Marchese's apartment, they took a statement from Jaime Lake in which he states that he lived with Marchese for 6 months, yet claims that he never saw marijuana plants in the kitchen until the evening before. These are the same plants which the officers claimed to have seen "in plain view" as they stood in the living room. Lake further claimed to have had an argument about the plants at which point Lake told Marchese "I'm moving out." This prompted Marchese to tell him "get out now".

Despite the fact that the officers made no mention in their report that Lake said anything about marijuana plants before going to the apartment, the affidavit prepared for Lake's signature indicates that he told the officers about them when he flagged them down. He further stated that Officer Jaworski asked him how many plants there were, and he told him "more than a few". When asked what kind of plants, Lake told him "I assumed that they were marijuana". Lake states that it was then that Officer Jaworski put him in his patrol car and took him back to the Center Street apartment. (See Exhibit D)

## Argument

**1.     This was a warrantless search for which no warrant exception exists**.

Warrantless searches are *per se* unreasonable and can only be saved by a recognized warrant exception.

**A.     The officers were not given permission to enter the apartment.**

The officers here entered Marchese's house without a warrant and without consent, requiring suppression of all evidence seized.

"It is axiomatic that the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed. And a principal protection against unnecessary intrusions into private dwellings is the warrant requirement imposed by the Fourth Amendment on agents of the government who seek to enter the home for purposes of search or arrest." *Welsh*

*v. Wisconsin*, 466 U.S. 740, 748 (1984). And since this was his apartment, he had a reasonable expectation of privacy in it. *Bond v. United States*, 529 U.S. 334 (2000); *Katz v. United States*, 389 U.S. 347 (1967)

Since the officers were not lawfully in the apartment, they were not at a location that they had a legal right to be in order to be able to rely on the "plain view" exception. See *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993) ("The rationale of the plain view doctrine is that if contraband is left in open view and is observed by a police officer from a lawful vantage point, there has been no invasion of a legitimate expectation of privacy ...") However, it is an essential predicate to any valid warrantless search and seizure that the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed. *Horton v. California*, 496 U.S. 128, 137 (1990)

Moreover, the government must prove that any consent to enter in the first place was voluntary. *Florida v. Royer*, 460 U.S. 491, 497 (1983) (Where the validity of the search is predicated on consent, the government has the burden of proving that the consent was obtained and that it was freely and voluntarily given, a burden that is not satisfied merely by showing submission to a claim of lawful authority.) It is submitted that the government cannot meet its burden here.

**B. There are no other warrant exceptions alleged by the government.**

Since the government has not claimed any other warrant exception applies, none should

be inferred for them. After all, it is the government which has the burden to justify a warrantless search. "When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given." *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968)

It bears the burden of showing the applicability of any other warrant exception to search an area in which the defendant had a reasonable expectation of privacy. *United States v. Kiyuyung*, 171 F.3d 78 (2d Cir. 1999)

**2. The incriminating statements flow from the illegal warrantless search and seizure of the marijuana plants and therefore are tainted, requiring suppression.**

The statements derived from this illegal search should also be suppressed as fruits of the poisonous tree.

"In order to make effective the fundamental constitutional guarantees of sanctity of the home ... [the Supreme Court has] held nearly half a century ago that evidence seized during an unlawful search could not constitute proof against the victim of the search. The exclusionary prohibition extends as well to the indirect as the direct products of such invasions." *Wong Sun v. United States*, 371 U.S. 471, 484 (1963)

Here, the statements were a product of the illegal search.

    **3.**    **The statements should also be suppressed because they were made without benefit of *Miranda* warnings and while being held inside his home when he was not free to leave.**

The government has not claimed that Marchese was *Mirandized* prior to making the incriminating statements. Moreover, at this point, he was obviously not free to leave because there was then a restraint on his movement, given the circumstances. This interrogation without benefit of *Miranda* warnings violated his Fifth Amendment right against self-incrimination.

    **4.**    **The case should be dismissed if prejudice ensues based on the delay in prosecuting the case and the untimely execution of the arrest warrant.**

The defense reserves the right to move to dismiss the Indictment due to the delay between the date of the offense ( May 3, 2006) and the date of the Indictment ( April 27, 2011) and thereafter the delay in arrest (October 19, 2011). In *United States v. Wilson*, 420 U.S. 332 (1975), the Supreme Court upheld a dismissal of the indictment where, during the trial, it became obvious that the defendant had been prejudiced by the Government's delay in bringing the action, even though the Indictment had been returned within the statute of limitations period.

Here, the government waited until 2 weeks before the expiration of the statute of limitations and then failed to notify Marchese of the fact that he had been indicted for another six and a half months. He could have been brought to court earlier, but was not. Marchese believed that the case had been dismissed years ago and did nothing to cause the delay in prosecution. If any prejudice now results because of the lapse in time, the defense will be asking the court to dismiss the Indictment.

**WHEREFORE**, it is respectfully submitted that this Court should suppress the seizure of the physical evidence as well as the tainted incriminating statements flowing from that illegal search. Alternatively, it should conduct a suppression hearing on these issues.

**DATED**:   Buffalo, New York, December 1, 2011.

Respectfully submitted,

**/s/Kimberly A. Schechter**
Kimberly A. Schechter
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 Fax
kimberly_schechter@fd.org
Counsel for Defendant Joseph G. Marchese

AO 72A
(Rev. 8/82)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                        **11-CR-155-A**

JOSEPH G. MARCHESE,

     Defendant.

## **CERTIFICATE OF SERVICE**

     I hereby certify that on **December 1, 2011**, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1.     Thomas S. Duszkiewicz
        Assistant United States Attorney
        Western District of New York
        138 Delaware Avenue, Federal Centre
        Buffalo, New York   14202

     And, I hereby certify that I have e-mailed the document to the following non-CM/ECF participant(s).

     N/A

                                                            **/s/ Kimberly A. Schechter**
                                                            Kimberly A. Schechter
                                                            Assistant Federal Defender