UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

      v.                                  DECISION AND ORDER
                                                  11-CR–155

JOSEPH G. MARCHESE,

                Defendant.

---

      Defendant is charged in a two-count indictment with unlawful manufacture of 50 or more marijuana plants (21 U.S.C. §§841(a)(1) and (b)(1)(c)) and unlawful use of premises for the purpose of manufacturing, distributing and using marijuana (21 U.S.C. §856(a)(1)).  (Dkt. No. 1)  The charges arise from the discovery of over 60 marijuana plants as well as various devices and materials for growing marijuana at defendant's residence in Lackawanna, New York on May 3, 2006.  Pursuant to 28 U.S.C. §636(b)(1), the matter was referred to Magistrate Judge H. Kenneth Schroeder, Jr., for supervision of all pretrial proceedings.

      Defendant moved to suppress the evidence found at his home as well as statements he made to law enforcement on the night of his arrest.  (Dkt. No. 6) Defendant argued that officers entered his home without consent or a search warrant in violation of his Fourth Amendment rights.  *Id*.  Defendant also moved to dismiss the indictment due to the Government's delay in bringing the action.

*Id*. Following a three-day suppression hearing and post-hearing submissions by both parties, Magistrate Judge Schroeder issued a Report and Recommendation granting defendant's motion to suppress the evidence and statements but denying the motion to dismiss the indictment. (Dkt. No. 20)

The Government filed objections to the portion of the Report and Recommendation granting defendant's motion to suppress evidence and statements.[1] (Dkt. No. 24) Defendant submitted a response (Dkt. No. 25), the Government submitted a reply (Dkt. No. 26), and oral argument was held on July 11, 2013. At that time, this Court requested additional briefing from the parties. Supplemental briefing was submitted by both the Government and defendant on July 19, 2013 and the Court deemed the matter submitted.

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. After reviewing Magistrate Judge Schroeder's Report and Recommendation, the submissions, including the supplemental briefing, and hearing oral argument from the parties, the Court adopts the findings set forth in Magistrate Judge Schroeder's Report and Recommendation in their

---

[1] Defendant does not object to the Magistrate Judge's recommendation to deny the motion to dismiss the indictment. To accept the report and recommendation of a magistrate, to which no objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Torres v. New York*, 976 F. Supp. 249 (SDNY 1997). The Magistrate's denial of defendant's motion to dismiss the indictment is neither clearly erroneous nor contrary to law, and is hereby adopted by the District Court.

entirety.

The Fourth Amendment protects an individual's privacy in a variety of settings and "[i]n none is the zone more clearly defined than when bounded by the unambiguous dimensions of an individual's home." *Payton v. New York*, 445 U.S. 573 (1980).  Thus, it is a basic principle of Fourth Amendment law that "searches and seizures inside a home without a warrant are presumptively unreasonable." *Id*.  One of the specifically established exceptions to the warrant requirement of the Fourth Amendment is that a search is conducted pursuant to an occupant's consent, provided that consent is given voluntarily.  *United States v. Odeh*, 552 F.3d 157 (2d. Cir. 2008); *accord Schneckloth v. Bustamonte*, 412 U.S. 164, 165-66 (1974).

Here, the Magistrate Judge found that defendant's consent to enter his home was not a product of free and unrestrained choice but rather a mere acquiescence to a show of authority.  He credited witness James Lake and defendant's testimony that upon arriving at defendant's residence on the night in question, officers banged on the door, yelled at defendant to be let in, and threatened to break down the door if defendant refused them entry.  The Magistrate also credited defendant's testimony that he expressly told the officers that they could not come in, and that once the officers entered his home without permission and began searching the premises, defendant told them repeatedly that they should not be there.

The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings. *See Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge.") (*quoting Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) ("Had the district court rejected the magistrate's conclusions regarding the credibility of the central witnesses without hearing live testimony from those witnesses, troubling questions of constitutional due process would have been raised.").

Magistrate Judge Schroeder had an opportunity to observe the demeanor of all witnesses and listen to all of the testimony and evidence presented over the course of a three-day evidentiary hearing. He concluded, based upon the totality of the circumstances, that defendant did not freely consent to a search of his residence and that any statements made by defendant both at his home and at the DEA office were the direct result of the officers' illegal entry in violation of the Fourth Amendment. The Magistrate's findings in that respect are thorough, well-reasoned and set forth in detail in his 42-page Report and Recommendation. For these reasons, the Court adopts the findings of Magistrate Judge Schroeder in their entirety.

In its Supplemental Response, the Government argues that officers were justified in entering the residence after making a "plain view" observation of the smell of marijuana. In his Report and Recommendation, Magistrate Judge Schroeder finds that both officers testified that immediately upon entering the premises, they observed what appeared to be marijuana and that they smelled a strong order of marijuana. (Dkt. No. 20, pg. 22) This Court credits the Magistrate's findings that any "plain view" or "plain smell" observations by the officers were made after the officers entered the residence in spite of defendant's repeated instructions that he would open the door only if the officers were to remain outside. The Court also notes that during the suppression hearing, neither officer testified that they entered defendant's residence because they smelled marijuana. Instead, both officers testified that they entered the residence based upon defendant's consent, and then noted the smell and presence of marijuana. The Magistrate Judge found, and this Court agrees, that the Government did not meet its burden of proof in demonstrating that defendant's consent was a product of his free and unrestrained choice.

The Government also contends that the officers were otherwise justified in entering the residence, without consent or a warrant, based upon exigent circumstances or the "public safety exception." The Court finds this argument to be without merit. An exception to the warrant requirement of the Fourth Amendment applies when "the exigencies of [a] situation make the needs of law

5

enforcement so compelling that a warrantless search is objectively reasonable." *Kentucky v. King*, 131 S. Ct. 1849, 1856 (2011). One such exigency is "the need to assist persons who are seriously injured or threatened with such injury." *United States of American v. Simmons*, 661 F.3d 151 (2d. Cir. 2011). In determining whether exigent circumstances exist, "the core question is whether the facts, as they appeared at the moment of entry, would lead a reasonable and experienced officer to believe there was an urgent need to render aid or take action." *United States v. Klump*, 536 F.3d 113 (2d. Cir. 2008); *accord United States v. MacDonald*, 916 F.2d 766, 769 (2d. Cir. 1990).

None of the testimony offered at the evidentiary hearing suggests that James Lake, or anyone else for that matter, was in any type of danger. While Mr. Lake testified that he had a physical and verbal altercation with the defendant earlier in the day, Mr. Lake was not in any type of peril when he approached the officers and asked that they return with him to the residence so that he could collect his belongings. Upon arrival, defendant agreed, without incident, to allow Mr. Lake to enter in order to retrieve his things. There was no continuing altercation between the two men, no violence or threats of violence on the part of defendant or Mr. Lake, no appearance of danger inside the residence, and no urgent need for the officers to render aid or take any type of action.

For the reasons set forth in Magistrate Judge Schroeder's Report and Recommendation, and for the reasons stated herein, defendant's motion to

6

suppress evidence and statements is granted, and his motion to dismiss the indictment is denied. The parties shall appear before this Court on August 20, 2013 at 9:00 a.m. for a status conference and/or meeting to set trial date.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 19, 2013